**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | * | |
|     **Plaintiff,** | * | |
| **v.** | * | **CASE NO. 8:12-cv-01198-DKC** |
| **DOE 1,** | * | |
|     **Defendant.** | * | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT**
**DOE 1'S COUNTERCLAIM [DKT. 25]**

Plaintiff, Malibu Media, LLC, pursuant to Fed. R. Civ. P. 12(b)(6), moves for the entry of an order dismissing the Counterclaim filed by Defendant and states:

## I.   INTRODUCTION

Defendant's Counterclaim improperly repleads his denials and affirmative defenses.  In doing so, Defendant asks the Court to revisit identical issues already raised.  Each count is redundant, meritless, and false.[1]  Defendant's claim for misuse of copyright should be denied because misuse of copyright is an affirmative defense.  Further, Plaintiff's actions fall squarely within the Copyright Act and are supported by public policy.  Defendant's claims for declaratory judgments regarding fair use, implied license, and declaration of non-infringement should likewise be denied because they are identical to Defendant's affirmative defenses.  Neither the Court nor the parties should be forced to address the same issues twice.  Defendant's

---

[1] A simple google search of Plaintiff's website X-Art.com and "X-Art.com torrent" demonstrate that Plaintiff has a legitimate successful business and that Plaintiff actively sends out DMCA notices on a daily basis in an effort to remove torrents and infringing content on the Internet in order to protect its copyright.

counterclaim is a waste of the Court's limited resources and, as set forth below, should be dismissed.

## II. MEMORANDUM OF LAW

### A. Defendant Fails to State a Claim for Misuse of Copyright

Defendant's claim for misuse of copyright should be dismissed. Misuse of copyright is an affirmative defense and not a claim or counterclaim. "Misuse of copyright is an affirmative defense to a claim of copyright infringement." *Costar Group Inc. v. Loopnet, Inc.,* 164 F. Supp. 2d 688, 708 (D. Md. 2001). *See also Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 536 F. Supp. 2d 1191, 1198 (C.D. Cal. 2008) ("Ticketmaster argues that 'copyright misuse' is an affirmative defense to a claim for copyright infringement, and does not support an independent claim for damages. The Court agrees"). "Copyright misuse is not a claim but a defense, and Defendants may not transmute it into an independent claim merely by labeling it one for 'declaratory judgment.'" *Interscope Records v. Kimmel*, 2007 Copr. L. Dec. P 29423 (N.D.N.Y. 2007). Defendant raises misuse of copyright both as an affirmative defense and as Count I to his counterclaim. This improper pleading is redundant and judicially inefficient.

"Misuse of copyright applies where the copyright owner tries to extend the copyright beyond its intended reach, thereby augmenting the physical scope of copyright protection. It typically arises in situations where it is alleged that the copyright owner projected his unique rights in a work onto other, unrelated products or services." *Religious Tech. Ctr. v. Lerma*, 65 USLW 2334 (E.D. Va. 1996). "[T]his defense is an assertion that the copyright holder is using his copyright, 'to secure an exclusive right or limited monopoly not granted by the [Copyright] Office and which it is contrary to public policy to grant.'" *Costar Group Inc. v. Loopnet, Inc.*, 164 F. Supp. 2d 688, 708 (D. Md. 2001). "[M]isuse is a claim of anticompetitive behavior …

2

Despite the fact that conduct need not rise to the level of an antitrust violation to constitute misuse, the Fourth Circuit has been hesitant to find misuse." *Id.*

Plaintiff did not use its copyrights beyond the scope of the Copyright Act. "The Act explicitly grants owners of 'works of authorship' exclusive rights to, inter alia, 'reproduce the copyrighted work in copies or phonorecords' and 'distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.'" *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 498 (1st Cir. 2011) (citing 17 U.S.C. §106). "Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a) … is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. §501. "The legal or beneficial owner of an exclusive right under a copyright is entitled … to institute an action for any infringement of that particular right committed while he or she is the owner of it." *Id.* Here, Plaintiff instituted an action for a violation of its exclusive rights under the Copyright Act. Its actions fall squarely within the rights provided by the act.

Plaintiff's actions fall squarely within the public policy of the Copyright Act. Indeed, during her time as the Register of Copyrights, Mary Beth Peters testified to the Senate Judiciary that "[c]opyright owners have every right to enforce their rights in court, whether they are taking action against providers of peer-to-peer services designed to profit from copyright infringement or against the persons engaging in individual acts of infringement using such services."[2]

[W]hether or not these infringers know or care that it is against the law, the knowledge that such conduct may lead to expensive and burdensome litigation

---

[2] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

and a potentially large judgment should have a healthy deterrent effect. While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored. For many people, the best form of education about copyright in the internet world is the threat of litigation. In short, if you break the law, you should be prepared to accept the consequences.[3]

Congress enacted the Digital Theft Deterrence Act of 1999 to deter online infringement by increasing the penalties therefore.   *See Sony v. Tennenbaum*, 660 F.3d 487, 497 (1st Cir. 2011) (citing the Congressional record and holding that non-commercial individuals commit infringement by distributing copyrighted works online).   The Supreme Court has held file sharing of copyrighted works is infringement.   *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.* 545 U.S. 913, 125 S.Ct. 2764 (2005). Two circuit courts opined that Rule 45 subpoenas may be used to identify online copyright infringers.   *See In re Charter Communications, Inc. Subpoena Enforcement Matter*, 393 F.3d 771, 774 (8th Cir. 2005); *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010).   The Register of Copyrights testified before Congress that entertainment companies have the right to sue for peer to peer infringement and they should not apologize for doing so.[4]   Courts unanimously hold that Plaintiff's First Amendment right under the Petition clause to bring a suit for infringement outweighs any First Amendment right proffered by an alleged infringer.   *See e.g., Sony Music Entertainment, inc. v. Does 1-40,* 326 F.Supp.2d 556 (S.D.N.Y. 2004) (and the cases citing thereto).   Clearly, public policy supports the notion that a Plaintiff should be able to file suit for infringement on the

---

[3] Id.

[4] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

internet.  For these reasons, Defendant's claim for misuse of copyright should be dismissed for failure to state a claim.

> B. Defendant's Declaratory Judgments Are Double Pleading Affirmative Defenses and Should Be Denied

Defendant's declaratory judgment claims for fair use, implied license, and liability for copyright infringement should be dismissed as an inappropriate "repackaging" of his affirmative defenses.  The Declaratory Judgment Act gives the Court "the *authority* to declare the rights and legal relations of interested parties, but not a *duty* to do so." *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *3 (N.D. Cal. 2008), *citing Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008), *which in turn cites Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (within a district court's sound discretion to dismiss an action for declaratory judgment), *and* 28 U.S.C. § 2201(a) (emphasis in original).

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Penn Mut. Life Ins. Co. v. Berck*, CIV.A DKC 09-0578, 2010 WL 3294305 (D. Md. 2010).  Accordingly, numerous courts have used that discretion to dismiss counterclaims "where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *3 (N.D. Cal. 2008).  Here, Defendant effectively "forces the parties and the court to handle the same issues twice." *Penn Mut. Life Ins. Co. v. Berck*, CIV.A DKC 09-0578, 2010 WL 3294305 (D. Md. 2010).

Defendant's second counterclaim for declaratory judgment of fair use mirrors his second affirmative defense for fair use.  *See* Count II and Second Affirmative Defense.  Defendant's

third counterclaim of implied license mirrors his fourth affirmative defense for implied license. *See* Count III and Fourth Affirmative Defense.   Defendant's fourth declaratory judgment is simply a denial which also mirrors his second and third counterclaim.  *See* Count IV.   Defendant has failed to present any new issue or question of fact that will not be resolved by the original complaint.   Additionally, it should be noted that although Count IV ostensibly involves copyright infringement, Defendant fails to allege or even address the elements of copyright infringement. *See generally*, Count IV; *see also Splitfish AG v. Bannco Corp.*, 727 F. Supp. 2d 461, 465 (E.D. Va. 2010) ("The elements of a copyright infringement claim are (i) ownership of a valid copyright and (ii) copying of constituent elements of the work that are original.")

"This type of double pleading is not the purpose of a declaratory judgment." *Id*.   *See also Rayman v. Peoples Sav. Corp.*, 735 F.Supp. 841, 852-53 (N.D. Ill. 1990) (court dismisses counterclaim that "simply duplicates arguments made by way of affirmative defense"); *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic.  What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated…[.]").  "Ordinarily the court will refuse a declaration which can be made only after a judicial investigation of disputed facts, especially where the disputed questions of fact will be the subject of judicial investigation in a regular action." *Washington-Detroit Theater Co. v. Moore*, 249 Mich. 673 (MI 1930); *See also Product Engineering and Mfg, Inc. v. F. Barnes*, 424 F.2d 42 (10th Cir. 1970) ("Dismissal of federal court action seeking declaratory judgment that patent was invalid and that licensee's machine did not infringe patent, wherein licensee asserted no more than what would be defense

to Colorado court contract action brought by patentee on license agreement, was not an abuse of discretion.")   Defendant's claims for declaratory judgment should be dismissed outright for failing to raise any new issues and creating judicial redundancy.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves for the entry of an order dismissing Defendant's Counterclaim in its entirety.

Dated: October 18, 2012

Respectfully Submitted,

By:      */s/ Jon A. Hoppe*_____

Jon A. Hoppe, Esquire #6479
Maddox, Hoppe, Hoofnagle &
Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
(301) 341-2580

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:      */s/ Jon A. Hoppe*_____