IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MALIBU MEDIA LLC<br><br>v.<br><br>DOE #1 | Case No. 8:12-cv-01198-DKC |

**DEFENDANT/COUNTERCLAIMANT'S RESPONSE**
**TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS**

Defendant, Doe #1, by and through undersigned counsel, hereby responds to Plaintiff/Counter-Defendant's ("Plaintiff") Motion to Dismiss Defendant Doe #1's Counterclaim ("Motion").

**I. Misuse of Copyright is Properly Pleaded in the Counterclaim**

Plaintiff argues that "misuse of copyright is an affirmative defense and not a claim or counterclaim." *See* Motion at 2. However, prior decisions have squarely rejected such an argument. In one matter, a court explained "Apple contends that copyright misuse may only be asserted as a defense, not as a counterclaim. This order is unconvinced, however, that misuse may never be asserted as a counterclaim for declaratory relief." *Apple Inc. v. Psystar Corp.*, 2009 U.S. Dist. LEXIS 14370, 6-7 (N.D. Cal. Feb. 6, 2009). Other courts agree with this method of analysis. One court opined that "in a declaratory relief setting, the declaratory relief plaintiff is thus permitted to 'assert' a claim for copyright misuse because the declaratory relief plaintiff is in fact likely to be accused of copyright infringement." *Open Source Yoga Unity v. Choudhury*, 2005 U.S. Dist. LEXIS 10440 (N.D. Cal. Apr. 1, 2005) (*citing Practice Management Info. v. American Medical Ass'n*, 121 F.3d 516, 520 (9th Cir. 1997) (declaratory relief plaintiff permitted to assert copyright misuse defense). Furthermore, undersigned counsel is not aware of any

precedent from the Fourth Circuit that precludes a copyright misuse counterclaim as a matter of law. While Defendant/Counterclaimant ("Defendant") will be obligated to prove his claims, just as Plaintiff must prove their own, it is not appropriate to dismiss Defendant's misuse of copyright counterclaim at this time.

Plaintiff goes on to make numerous arguments on the merits that are outside the scope of a Fed. R. Civ. P. 12(b)(6) motion. For example, Plaintiff argues that it "did not use its copyrights beyond the scope of the Copyright Act," and that "Plaintiff's actions fall squarely within the public policy of the Copyright Act." *See* Motion at 3. Neither the Court nor the Defendant is in a position to make a determination on such issues before the discovery or trial process has a chance to run its course. The Plaintiff's Motion provides a perfect demonstration of Defendant's concerns. Plaintiff argues that "A simple google search of Plaintiff's website X-Art.com and 'X-Art.com torrent' demonstrate that Plaintiff has a legitimate successful business and that Plaintiff actively sends out DMCA notices on a daily basis . . ." *See* Motion at 3. While this may be perfectly possible, this language is the first suggestion on the record that the plaintiff, Malibu Media LLC, is in any way related to the website X-Art.com. The relationship between the Plaintiff and the named website is not explained in the Complaint. Furthermore, Defendant had no opportunity to conduct discovery to determine these or other potential relationships at play in this case. This factual discrepancy is one of many that will need to be evaluated during discovery before a judgment can be appropriately made on Defendant's copyright misuse claim.

## II. Dismissal of the Other Counterclaims is Not Appropriate

Defendant does not dispute that a court has discretion to dismiss an action for declaratory judgment. A court must exercise caution, however, "as it should only decline to exercise

jurisdiction where there is a 'good reason' to do so." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. N.C. 2004).

"In particular, a court should normally entertain a declaratory action where the 'relief sought (i) 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and (ii) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Penn Mut. Life Ins. Co. v. Berck*, 2010 U.S. Dist. LEXIS 86025 (D. Md. Aug. 20, 2010) (Chasanow, J.) (*citing Continental Casualty Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. W. Va. 1994)) (citations omitted). Prior decisions have explained that "useful purposes" result when an opinion has "clarified and settled . . . legal obligations," "eliminated uncertainty," and "clarified . . . rights of the parties." *Volvo Constr. Equip. N. Am., Inc.* 386 F.3d at 594.

The present matter is one that cries for a declaratory ruling. The attached spreadsheet, taken from data available from PACER, demonstrates that Malibu Media LLC has been involved as a Plaintiff in no less than 350 copyright actions across the country.[1] *See* Exhibit #1. Virtually all of these cases were originally filed against a group of John Doe respondents. *Id.* The practical reality of this practice is that Plaintiff can extract numerous settlements of $2,000 to $5,000 from purported defendants, regardless of whether the John Does would actually be liable on the merits. The costs of litigation preclude virtually all people from aggressively defending themselves compared to the comparatively small and known financial loss of a settlement.

This Court has a relatively rare opportunity to determine the viability of the Plaintiff's purported copyrights and declare whether the copyrights are legally enforceable. Regardless of the final outcome, such a declaration would eliminate uncertainty for the thousands of people who are likely to be named in future lawsuits by the Plaintiff. Furthermore, if the Plaintiff's

---

[1] Defendant's Counterclaim notes that Plaintiff was involved in 57 prior copyright suits, but the updated spreadsheet appears to be a more comprehensive record of these actions.

copyrights are deemed enforceable, such a declaration would be advantageous to its ongoing litigation efforts. These are, without question, "useful purposes" for maintaining Defendant's declaratory judgment counterclaims. *Volvo Constr. Equip. N. Am., Inc.* 386 F.3d at 594.

Next, Plaintiff broadly argues that Defendant's claims should be dismissed because they are "a waste of the Court's limited resources." *See* Motion at 1. While such an argument is ironic coming from a Plaintiff that has appeared in approximately 350 actions in one calendar year, a simple review of the answer and counterclaims demonstrates that there is little overlap between the defenses and counterclaims. Furthermore, "a pleading must state as a counterclaim *any* claim that—at the time of its service—the pleader has against an opposing party if the claim." Fed. R. Civ. P. 8(c)(2) (emphasis added). Had Defendant failed to raise each claim clearly, he risked precluding his rights to assert them.

Finally, and perhaps most importantly, the present matter is a case "where a court could find noninfringement without adjudicating the validity of the underlying intellectual property, thus leaving the defendant in fear of future actions." *Pettrey v. Enter. Title Agency, Inc.*, 2006 U.S. Dist. LEXIS 83957 (N.D. Ohio Nov. 17, 2006) (*citing Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 175 (6th Cir. Ohio 1942)). Without the declaration as to the rights in the underlying copyrights, thousands and thousands of potential defendants would be faced with the prospect of re-litigating a virtually identical issue, namely, the validity of the Plaintiff's copyrights. The judicial efficiency created by precluding the need for thousands of near-identical trials dwarfs any efficiencies that may occur by eliminating the counterclaim in the present matter at bar.

Given that it is "difficult in most instances to determine whether counterclaims are identical early in litigation, 'the safer course for the court to follow is to deny a request to

dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.'" Pettrey, 2006 U.S. Dist. LEXIS 83957 at *9 (*citing Wright, Miller & Kane*, 6 Federal Practice & Procedure 2d § 1406). This safer course of action is appropriate in this action.

### III. Conclusion

For the foregoing reasons, Defendant respectfully requests that the Plaintiff's Motion be denied.

Respectfully submitted,

_____
Eric J. Menhart (Bar No. 16869)
Lexero Law
10 G St NE Suite 710
Washington, DC 20002
Phone/Fax: 855-453-9376

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed electronically filed via ECF and all parties of record were served.

Respectfully submitted,

_____
Eric J. Menhart (Bar No. 16869)
Lexero Law
10 G St NE Suite 710
Washington, DC 20002
Phone/Fax: 855-453-9376