IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MALIBU MEDIA, LLC

   v.                         :   Civil Action No. DKC 12-1198

DOE 1

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to dismiss counterclaim filed by Plaintiff Malibu Media, LLC. (ECF No. 29). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted.

## I. Background

Plaintiff commenced this action on April 19, 2012, asserting copyright infringement against sixteen Doe defendants alleged to have downloaded and/or uploaded a pornographic film *via* a file-sharing protocol called BitTorrent. Concomitantly with its complaint, Plaintiff filed a motion for expedited discovery, seeking to serve subpoenas on the Internet Service Providers ("ISPs") associated with the subscribers' Internet Protocol addresses ("IP addresses") in order to learn their identities. That motion was granted the following day. Soon

thereafter, the court issued an order *sua sponte* severing the defendants and dismissing all except Doe 1. With respect to that defendant, the court directed that all documents containing his or her identifying information be filed under seal. After learning the identity of Doe 1 from the ISP, Plaintiff filed, under seal, an amended complaint naming the defendant. Doe 1 responded by filing a sealed answer and counterclaim. At the direction of the court, the parties publicly filed redacted versions of these pleadings.

In the redacted answer, Doe 1 raises numerous affirmative defenses, including "the doctrine of misuse of copyright"; that "Defendant's use of the work in question, if it occurred at all, was a legally protected fair use"; and that Plaintiff's claims are "barred by the doctrine of implied license." (ECF No. 25, at 5). The counterclaim recites that Plaintiff "has a sophisticated business model that consists of producing low-cost, low-quality works that barely qualify for copyright [protection]"; making the works available "via a torrent protocol, where they are sure to be accessed and 'shared' by other users"; hiring an "investigator to log IP addresses accessing its works"; then "fil[ing] suits against numerous 'John Doe' defendants, immediately seeking subpoena power to identify the account holders." (ECF No. 25 ¶¶ 9-11). According to Doe 1, Plaintiff was "formed solely for the purposes of

2

creating copyright registrations and suing thousands of defendants for financial gain." (*Id*. at ¶ 13). The counterclaim purports to assert a cause of action for misuse of copyright, seeking "damages and/or appropriate attorneys' fees and costs" (*id*. at ¶ 25), as well as declaratory relief (*id*. at 11).  Defendant further seeks "a declaratory judgment, pursuant to 28 U.S.C. [§] 2201, that any alleged access . . . of Plaintiff's works is a fair use under copyright law," that "Plaintiff's works [are] subject to an implied license," and that "Defendant did not infringe any of Plaintiff's purportedly protected works." (*Id*. at ¶¶ 32, 37, 41).

On October 19, Plaintiff filed a motion to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 29).  Defendant has opposed that motion (ECF No. 30), and Plaintiff did not file a reply.

**II. Standard of Review**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1979). Nor must it agree with legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for

relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**III. Analysis**

Plaintiff initially argues that Defendant's counterclaim for misuse of copyright must be dismissed because "[m]isuse of copyright is an affirmative defense and not a claim or counterclaim." (ECF No. 29, at 2). Defendant contends that "prior decisions have squarely rejected" that argument. (ECF No. 30, at 1).

While there is a split of authority on the question of whether a declaratory judgment action for misuse of copyright is cognizable, *see Nielson Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 WL 221838, at *7 (N.D.Ill. Jan. 24, 2011) (collecting cases), courts have generally agreed that "copyright misuse does not support a claim for damages." *Amaretto Ranch Breedables v. Ozimals, Inc.*, 790 F.Supp.2d 1024, 1034 n. 7 (N.D.Cal. 2012) (quoting *Adobe Systems Incorp. v. Norwood*, No. C 10-03564, 2011 WL 845923, at *4 (N.D.Cal. Mar. 8, 2011)); *see also Lava Records, LLC v. Amurao*, 354 Fed.Appx. 461, 463 (2nd Cir. 2009); *Adobe Systems Inc. v. Kornrumpf*, 780 F.Supp.2d 988, 992 (N.D.Cal. 2011); *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 536 F.Supp.2d 1191, 1198 (C.D.Cal. 2008); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 269 F.Supp.2d 1213, 1225

(C.D.Cal. 2003). Indeed, the cases cited by Defendant are not to the contrary. *See Apple Inc. v. Psystar Corp.*, N. C 08-03251 WHA, 2009 WL 303046, at *2 (N.D.Cal. Feb. 6, 2009) ("This [court] is unconvinced . . . that misuse may never be asserted as a counterclaim for declaratory relief"); *Open Source Yoga Unity v. Choudhury*, No. C 03-3182 PJH, 2005 WL 756558, at *8 (N.D.Cal. Apr. 1, 2005) (permitting the plaintiff to assert a declaratory relief action for misuse of copyright "because the declaratory relief plaintiff is in fact likely to be accused of copyright infringement"). Thus, assuming without deciding that a cause of action for misuse of copyright may be maintained under certain circumstances, the only available remedy is a declaratory judgment. Accordingly, Defendant's request for damages in relation to misuse of copyright cannot be sustained.

What remains, then, are Defendant's counterclaims for declaratory relief, which essentially parallel his or her affirmative defenses. The Declaratory Judgment Act provides that "[i]n a cases of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is sought." 28 U.S.C. § 2201(a) (emphasis added). The Fourth Circuit has further explained that a federal court may properly exercise jurisdiction in such cases where three criteria are met: "(1)

the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for the jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (citing 28 U.S.C. § 2201; *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994)).

The first and second requirements for the exercise of jurisdiction appear to be met here.  The only question is whether the court should exercise its discretion to consider the counterclaims.  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 296 (4th Cir. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). Accordingly, the court may, in the exercise of its "broad discretion," *S.C. Dept. of Health & Envtl. Control v. Commerce & Indus. Ins. Co.*, 372 F.3d 245, 260 (4th Cir. 2004), decline to exercise its jurisdiction and dismiss the action, *Volvo Constr. Equip.*, 386 F.3d at 594.  A court must be cautious, however, as it should only decline to exercise jurisdiction where there is a

"good reason" to do so.  *Id*.  In particular, a court should normally entertain a declaratory action where the "relief sought (i) 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and (ii) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'"  *Fuscardo*, 35 F.3d at 965 (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir. 1994)).  "[C]onsiderations of federalism, efficiency, [and] comity" are also significant.  *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998).

Doe 1 offers no explanation as to how the counterclaims would clarify the parties' obligations.  Defendant asserts, in conclusory fashion, that "a simple review of the answer and counterclaims demonstrates that there is little overlap between the defenses and counterclaims" (ECF No. 30, at 5), but presents no further analysis and, indeed, a "simple review" of the consolidated pleading reflects that there is no substantive distinction between the defenses and counterclaims.  Courts have typically declined to consider counterclaims for declaratory relief that are duplicative of affirmative defenses.  *See Penn Mutual Life Ins. Co. v. Berck*, No. DKC 09-0578, 2010 WL 3294305, at *3 (D.Md. Aug. 20, 2010) ("This type of double pleading is not the purpose of a declaratory judgment"); *Penn Mutual Life Ins. Co. v. Greatbanc Trust Company*, No. 09 C 6129, 2010 WL

8

2928054, at *5 (N.D.Ill. July 21, 2010) ("counterclaims that mimic affirmative defenses are no less duplicative [than] counterclaims that mirror the plaintiff's request for declaratory relief"); *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. H-09-2582, 2010 WL 2219179, at *8 (S.D.Tex. May 28, 2010) (dismissing declaratory counterclaim duplicative of affirmative defense); *United States v. Zanfei*, 353 F.Supp.2d 962, 965 (N.D.Ill. 2005) (noting that it is "well settled" that courts may dismiss duplicative counterclaims); *see also* Fed.R.Civ.P. 8(c) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so").

Defendant urges that a declaration in his or her favor "would eliminate uncertainty for the thousands of people who are likely to be named in future lawsuits by the Plaintiff." (ECF No. 30, at 3). The Declaratory Judgment Act, however, "is not intended to provide a forum for establishing the legal relations between declaratory defendants and 'all the world'"; rather, it only permits courts to clarify or settle "the legal relations of the parties" or to provide relief from the "uncertainty, insecurity, and controversy giving rise to the proceeding." *Metro-Goldwyn-Mayer Studios*, 269 F.Supp.2d at 1226. Thus, a declaratory judgment in Defendant's favor would not "eliminate

9

uncertainty for the thousands of people who are likely to be named in future lawsuits by the Plaintiff," as Defendant asserts. (ECF No. 30, at 3).

At base, Defendant seeks a declaration of noninfringement under a number of different theories. While he or she appears to seek, once and for all, a judgment that will stem the rising tide of litigation from Malibu Media and similarly-situated plaintiffs, this lawsuit does not provide a vehicle for doing so. Rather, the instant case is concerned with adjudicating the rights of these particular parties.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to dismiss counterclaim will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge